



Ratification Number 2021-105

# AN ORDINANCE

AN ORDINANCE TO ADD A NEW ARTICLE III TO CHAPTER 25 OF THE CODE OF THE CITY OF CHARLESTON RELATED TO FIRST AMENDMENT DEMONSTRATIONS TO PROVIDE GENERAL PROVISIONS AND DEFINITIONS, TO PROVIDE OPEN CARRY RESTRICTIONS AND OTHER SAFETY PROHIBITIONS, TO PROVIDE A PERMITTING PROCESS, TO PROVIDE REGULATIONS, AND TO PROVIDE FOR PENALTIES.

BE IT ORDAINED BY THE MAYOR AND COUNCIL MEMBERS OF CHARLESTON, IN CITY COUNCIL ASSEMBLED:

Section 1.     Chapter 25 of the Code of the City of Charleston is hereby amended by adding a new Article III to state as follows:

"ARTICLE III. FIRST AMENDMENT DEMONSTRATIONS

DIVISION 1. GENERALLY

**Sec. 25-36. Definitions.**

The following words and phrases, when used in this article, shall have the following meanings:

*Chief of police* shall mean the chief of police or the chief's designee.

*First Amendment demonstration* means any demonstration, assembly, picketing, speechmaking, marching, protesting, vigil or religious service, and all other like forms of conduct, in or upon any street, including the sidewalk area thereof, park or other public place in the city, that involve the communication or expression of views or grievances, engaged in by one or more persons, the conduct of which is reasonably likely to draw a crowd or onlookers.

*First Amendment demonstration permit* is a permit as required by this article.

*Spontaneous gathering* is a First Amendment demonstration that is occasioned by breaking news or affairs coming into public knowledge less than forty-eight (48) hours prior to the event and is conducted at a public forum.

1

**Sec. 25-37. Hours for conducting First Amendment demonstration restricted.**

No permit shall be granted for a demonstration to convene before 8:00 a.m. or terminate after 8:00 p.m.

**Sec. 25-38. Safety restrictions and prohibitions.**

(a)     Threats to safety.

(1) It shall be unlawful for any person to point or present a firearm (as defined in S.C. Code § 16.25.10(7)), or to brandish a weapon (as defined in City Code § 21-219), while participating in or attending a First Amendment demonstration as defined in this article.

(2) For purposes of this section, brandish shall mean to wave or flourish menacingly, to display ostentatiously, threateningly, angrily or aggressively.

(3) For purposes of this section, to present a firearm shall mean to offer to view in a threatening manner, or to show in a threatening manner.

(b)   Open carry prohibited.

It shall be unlawful for any person(s) participating in a First Amendment demonstration for which a permit has been issued to openly carry a firearm. The person or entity organizing the First Amendment demonstration must post signs as approved and directed by the police department to indicate the specific area where the open carry of firearms are prohibited.

### DIVISION 2. FIRST AMENDMENT DEMONSTRATION PERMIT

**Sec. 25-39. Permit required; exceptions.**

(a)     No person shall engage in, participate in, aid, form or start any First Amendment demonstration, consisting of twenty-five (25) or more persons, unless a First Amendment demonstration permit shall have been obtained from the chief of police. Any person engaging in any First Amendment demonstration for which a First Amendment demonstration permit has been issued shall not violate any of the conditions or provisions of such permit.

(b)     This section shall not apply to:

A First Amendment demonstration consisting of less than twenty-five (25) persons or a spontaneous gathering. Organizers of a First Amendment demonstration consisting of less than twenty-five (25) persons or a spontaneous gathering are encouraged to give as much advanced notice as reasonably possible to permit the city to provide services necessary to promote, protect, and assure the safety and convenience of citizens in their use of city streets, sidewalks, parks, and of city property. Nothing in this subsection shall preclude the city from enforcing other laws, ordinances, rules, regulations, conditions or provisions, adopted to provide for the health, safety, and welfare of the city and its citizens.

**Sec. 25-40. Special events permits.**

The city reserves the right to require a person seeking a First Amendment demonstration permit to obtain a special events permit issued pursuant to section 2-189 when the duration of the demonstration is proposed to be more than three (3) hours, when a request is made to reserve a particular public area for use, when frequent requests are made for a particular public area, when the demonstration will require any use of city resources, staffing or departments beyond the scope of the police department, and when the city finds that requiring such special events permit is in the best interest of the public health, safety, and welfare of the city and its citizens. First Amendment demonstrations for which a special events permit has been issued pursuant to section 2-189 shall comply with all regulations, conditions and requirements provided in this article.

**Sec. 25-41 Application; filing.**

(a)     A person seeking issuance of a First Amendment demonstration permit shall file an application with the chief of police on forms provided by such officer.

(b)     An application for a First Amendment demonstration permit shall be filed with the chief of police not less than three (3) days nor more than thirty (30) days before the date on which it is proposed to conduct the demonstration.

(c)     Submission of a First Amendment demonstration permit application does not guarantee or reserve a particular time or location for the applicant's group and permit approval shall be subject to any special or alternate conditions provided in the permit.

**Sec. 25-42. Form and contents of application; late applications.**

(a)     The application for a First Amendment demonstration permit shall set forth the following information:

(1) The name, address and telephone number of the person seeking to conduct such demonstration.

(2) If the demonstration is proposed to be conducted for, on behalf of, or by an organization, the name, address and telephone number of the headquarters of the organization and of the authorizing and responsible head of such organization.

(3) The name, address and telephone number of the person who will be the demonstration chairman and who will be responsible for its conduct.

(4) The date when the demonstration is to be conducted.

(5) The location of the demonstration or route to be traveled, including starting point and termination point.

(6) The approximate number of persons who will constitute such demonstration.

(7) The hours when such demonstration will start and terminate.

(8) A statement as to whether the demonstration will occupy all or only a portion of the width of the sidewalk proposed to be traversed.

(9) The time at which persons will begin to assemble at any such area or areas.

(10) If the demonstration is designed to be held by and on behalf of, or for any person other than the applicant, the applicant for such permit shall file with the chief of police a communication in writing from the person proposing to hold the demonstration, authorizing the applicant to apply for the permit on his behalf.

(11) Any additional information which the chief of police shall find reasonably necessary to a fair determination as to whether a permit should issue.

(b)     The chief of police, where good cause is shown therefor, shall have the authority to consider any application hereunder which is filed less than three (3) days before the date such demonstration is proposed to be conducted.

**Sec. 25-43. Time for processing applications; notice of rejection.**

The chief of police shall act upon the application for a First Amendment demonstration permit within one (1) week after the filing thereof, or, if the application was filed less than seven (7) days before the proposed demonstration, then within two (2) days after the filing thereof. If the chief of police disapproves the application, he shall provide written notice to the applicant within two (2) days after the date of his determination, or within a reasonably practical time period, a notice of denial, stating the reasons for his denial of the permit.

**Sec. 25-44. Standards for issuance.**

The chief of police shall issue a permit as provided for hereunder when, from a consideration of the application and from such other information as may otherwise be obtained, he finds that:

(1)     The conduct of the demonstration will not substantially interrupt the safe and orderly movement of other traffic, pedestrian and vehicular, contiguous to its route.

(2)     The conduct of the demonstration will not require the diversion of so great a number of police officers of the city properly to police the line of movement and the areas contiguous thereto as to prevent normal police protection to the city.

(3)     The concentration of persons at assembly points of the demonstration will not unduly interfere with proper fire and police protection of areas contiguous to such assembly areas.

(4)     The conduct of such demonstration will not interfere with the movement of firefighting equipment enroute to a fire.

(5)     The conduct of the demonstration is not reasonably likely to cause injury to persons or property, or to provoke disorderly conduct.

(6)     The demonstration is scheduled to move from its point of origin to its point of termination expeditiously, without unreasonable delays enroute and without passing by any location more than once.

(7)     If the demonstration is to be solely on the sidewalk areas of the city, the demonstration shall be in single file only of persons participating, with no animals, vehicles or other nonhuman objects except reasonably sized signs individually carried in the line of procession.

**Sec. 25-45. Appeal.**

Any person aggrieved shall have the right to appeal the denial of a First Amendment demonstration permit to the Public Safety Committee of Council. This includes the right to appeal the denial of a special events permit issued for demonstrations pursuant to the special events ordinance in the city code. The appeal shall be taken within forty-eight (48) hours after notice of the denial of the permit by filing an appeal with the clerk of council. The Public Safety Committee of Council shall act upon the appeal at its next regularly scheduled meeting, but not later than twenty (20) days from the time of receipt of the appeal.

**Sec. 25-46. Contents.**

Each First Amendment demonstration permit approval shall state the following information:

(1)     Approval with conditions or alternate conditions, if applicable.

(2)     If alternate conditions apply, include alternate date, starting time, location, and/or route.

(3)     General Conditions.

(4)     Special Conditions, if applicable.

(5)     Penalties.

(6)     Signature of Special Events Committee representative, if applicable.

(7)     Signatures of special events commander and chief of police.

(8)     Signature of applicant accepting alternate conditions and all other permit directions and conditions.

(9)     Such other information as the chief of police shall find necessary for the enforcement of this division.

**Sec. 25-47. Alternates.**

The chief of police, in denying an application for a First Amendment demonstration permit, shall be empowered to authorize the conduct of the demonstration on an alternate day, at an alternate time, or over a route different from that named by the applicant. An applicant desiring to accept an alternate permit shall within two (2) days after notice from the chief of police or at least twenty-four (24) hours prior to the time of the event, whichever is earlier, file a written notice of acceptance with the chief of police. An alternate demonstration permit shall conform to the requirements of and shall have the effect of a First Amendment demonstration permit under this article.

**Sec. 25-48. Notification of city officials upon issuance.**

Immediately upon the issuance of a First Amendment demonstration permit the chief of police shall send a copy thereof to the following:

(1)     The mayor.

(2)   The fire chief.

(3)   The chairman of the special events committee.

(4)   The director of the parks department.

**Sec. 25-49. Revocation.**

The chief of police shall have the authority to revoke a First Amendment demonstration permit issued hereunder upon the violation of the standards for issuance as set forth in this article.

**Sec. 25-50. Possession by permittee.**

The permittee shall remain on site and carry the First Amendment demonstration permit upon his person during the conduct of the demonstration.

**Sec. 25-51. Compliance with conditions.**

A permittee hereunder shall comply with all permit directions and conditions and with all applicable laws and ordinances.

### DIVISION 3. REGULATIONS AND PENALTIES

**Sec. 25-52. First Amendment demonstration regulations.**

(a)   Notwithstanding the twenty-five (25) person threshold for First Amendment demonstration permits required in Division 2 of this article, the following regulations shall apply to First Amendment demonstrations and spontaneous gatherings of any size:

(1)   It shall be unlawful for demonstrations to disrupt, block, obstruct or interfere with pedestrian or vehicular traffic or the free passage of pedestrian or vehicular traffic on or into any driveway, sidewalk, public right-of-way, building, pedestrian entrance, stairway, ramp, or other access to buildings, which abut the public sidewalks.

(2)   It shall be unlawful for a demonstration to occur within fifteen (15) feet from the outermost edge of any monument or memorial, to include fountains, sculptures, plaques, statues, markers, gazebos, objects and other architectural elements or structures with commemorative, historical, symbolic, aesthetic, or artistic significance in order to preserve the intended use of a monument or memorial and to ensure all persons' use and enjoyment and safe and unimpeded ingress and egress to and from such property.

(3)   It shall be unlawful for a demonstration to remain stationary in front of or to pass repeatedly by an individual's residence or dwelling.

(4)   It shall be unlawful during a demonstration to place any structure, enclosure, tent, tables, chairs, bicycles, motor vehicles, golf carts, mopeds or other equipment on any city property, or park any bicycles, motor vehicles, golf carts, mopeds or other equipment, except in designated parking spots and except as specifically authorized by the permit.

(5) It shall be unlawful during a demonstration to remove, deface, damage, or otherwise injure any structure, sign, fence, equipment, improvement, monument or memorial, to include fountains, sculptures, plaques, statues, markers, gazebos, objects and other architectural elements or structures, including hanging, attaching or placing signs, flags, placards or any other object of any kind on such city property.

(6) It shall be unlawful during a demonstration to walk, stand, sit, lie, or climb upon any wall, fence, shelter, tree, shrub, or other vegetation, or any structure, monument or memorial, to include fountains, sculptures, plaques, statues, markers, gazebos, objects and other architectural elements not designed or intended for such purposes.

(7) It shall be unlawful during a demonstration to damage landscaping, plantings, flowers, trees, shrubs, grass, ground cover or other vegetation located on city property.

(8) It shall be unlawful during a demonstration to enter onto private property without prior written permission from the property owner.

(9) It shall be unlawful during a demonstration to enter onto federal, state, or county property without prior written permission from the applicable governmental agency.

(10) It shall be unlawful for any participant of a demonstration to harass or intimidate any bystanders; it shall also be unlawful for any participant to interfere with the movement of non-participants, including ingress or egress to or from any city building, driveway, stairway, ramp, sidewalk, public right-of-way, monument or memorial, to include fountains, sculptures, plaques, statues, markers, gazebos, objects and other architectural elements or structures.

(11) Participants of a demonstration shall comply with lawful directions or instructions set forth on any sign posted pursuant to law or by the city for or in connection with the event.

(12) Participants of a demonstration shall abide by city park rules if the demonstration is held in a city park and shall not interfere with the intended use of the park or interrupt the reasonable use and enjoyment of the park by non-participants.

(13) Participants of a demonstration shall abide by and be subject to all local, state and federal laws, ordinances, and regulations and any directions given by a law enforcement officer.

(b) Nothing in this section prohibits a law enforcement officer from issuing a command to disperse in the event of a riot, breach of the peace, disorderly conduct or other unlawful assembly.

(c) Nothing in this subsection shall preclude the city from enforcing other laws, ordinances, or regulations.

(d) Nothing in this section is intended to restrict free speech or any other constitutional right.

**Sec. 25-53. Authority of chief of police.**

(a) The chief of police shall have the authority to restrict First Amendment demonstrations from certain areas if conditions present a potential harm or threat to the public's safety, the free passage of pedestrian or vehicular traffic, or the unimpeded ingress and egress to and from city buildings,

monuments or memorials, to include fountains, sculptures, plaques, statues, markers, gazebos, objects and other architectural elements or structures, and any such restricted areas shall be subject to modification by the chief of police at any time.

(b)     The chief of police shall have the authority to make reasonable adjustments in the date, time, frequency, duration, route, location, or manner of a First Amendment demonstration at any time in order to accommodate other concurrent demonstrations, special events or city events, the rights of adjacent property owners, the needs of the public to use city streets or parks, and pedestrian and/or vehicular traffic using public right-of-ways and sidewalks, to prevent interference with the intended use of city parks or facilities by other groups or individuals, or with the tranquility of the neighborhood surrounding the area, or when the chief of police finds it is in the best interest of the public health, safety and welfare of the city and its citizens. The chief of police in his discretion may deny, reschedule, or provide alternate conditions for a permit to achieve this end.

**Sec. 25-54. Counter-protesting; competing groups at same location.**

(a)     Counter-protestors are subject to the same permit requirements in Division 2 and all other regulations and requirements provided in this article.

(b)     If more than one group desire to hold a First Amendment demonstration at the same time at or near the same location, the chief of police shall have the authority to assign each group a designated area in order to preserve the public peace, and said assignment may involve the use of physical barriers for separation. Members of a group shall not enter an area assigned to another group. Priority of location shall be based upon which group submitted a permit application first, or, if no permit was required, priority shall be based upon which group arrived first at the location; provided, however, if one group's demonstration is a repeat event occurring more than one time per month, the chief of police shall have the authority to alternate the group's assigned area with any other group requesting the same location.

**Sec. 25-55. Penalties.**

Any person who violates any provision of this article, to include any conditions or provisions of a First Amendment demonstration permit, shall be subject to the penalties set forth in section 1-16 of the Code of the City of Charleston."

Section 2.    This ordinance shall become effective upon ratification.

Ratified in City Council this 29th day of July in the Year of Our Lord, 2021, and in the 246th Year of the Independence of the United States of America.

_____
John J. Tecklenburg, Mayor

ATTEST:    _____
Jennifer Cook,
Clerk of Council

9